IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **KEITH BUCKMASTER,**<br>456 Lewisville Road,<br>Lincoln University, PA<br>19352<br>      **PLAINTIFF,**<br><br>v.<br><br>**THE NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK,**<br><br>**Serve on:**<br>**Eleanor D. Acheson**<br>**Executive Vice President and General Counsel & Corporate Secretary**<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>      **DEFENDANT.** | **Civil Action No.**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff Keith Buckmaster, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Keith Buckmaster (hereinafter, "Mr. Buckmaster" or "Plaintiff"), a former employee of the National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Amtrak" or "Defendant"). Mr. Buckmaster has been harmed by the Defendant's

discrimination on the basis of his disabilities and/or perceived disabilities, retaliation for seeking accommodations for his disabilities or perceived disabilities, and retaliation for taking or seeking to take leave pursuant to the Family and Medical Leave Act.  Further, Defendant failed and refused to accommodate Mr. Buckmaster's disabilities and failed to engage in a good faith, interactive process with respect to accommodating Mr. Buckmaster's disabilities.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA"), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Government §§ 20-601 et seq. and 20-1001 et seq. ("FEPA"), and the Rehabilitation Act of 1973, as amended ("Rehabilitation Act").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over Maryland state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On March 23, 2018, Plaintiff timely filed a Charge of Discrimination with the United States Equal

Employment Opportunity Commission ("EEOC"). On August 22, 2019, the EEOC issued a Notice of Right to Sue to Plaintiff at his request. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the FEPA and Rehabilitation Act claims alleged herein, this action has been filed within two years of the conduct complained of herein.

## VENUE

7. This action properly lies in the District of Maryland, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the District of Maryland because the claims and significant activities associated with the claims took place in this judicial district, and Plaintiff performed his work for Defendant in this judicial district.

## PARTIES

9. Plaintiff Keith Buckmaster is an adult male citizen and resident of Lincoln University, Pennsylvania and the United States of America.

10. Plaintiff is a qualified individual with disabilities within the meaning of the ADA, FEPA and Rehabilitation Act.

11. Mr. Buckmaster suffers and/or has suffered from kidney stones, chronic back pain, and Post Traumatic Stress Disorder relating to his prior military service.

12. Mr. Buckmaster's disabilities affect a major bodily function and substantially limit one or more major life activities.

13. Mr. Buckmaster's disabilities qualify as disabilities within the meaning of the ADA, FEPA and Rehabilitation Act.

14. Mr. Buckmaster's disabilities have affected him for a period far in excess of six months.

15. Amtrak is a government owned subsidiary providing intercity rail passenger service throughout the United States and parts of Canada, with its main office located at 60 Massachusetts Ave., NE, Washington, DC 20002.

16. At all relevant times, Amtrak is and has been an employer employing more than 500 employees.

17. Defendant has locations in the State of Maryland and does significant business within the State of Maryland.

18. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

19. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

20. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

21. At all relevant times hereto, Plaintiff Keith Buckmaster was an "employee" of Defendant within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

22. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

23. During his employment, Amtrak regarded Mr. Buckmaster as disabled.

24. This cause of action arose out of transactions or occurrences that took place in whole or in part in Baltimore, Maryland. Defendant conducts substantial business within Baltimore, Maryland.

25. This Honorable Court has jurisdiction over the Defendant.

**FACTS**

26. Mr. Buckmaster was hired by Amtrak in or about 2009 as an Electrician at Amtrak's Philadelphia, Pennsylvania location.

27. During his nine (9) year tenure with Amtrak, Mr. Buckmaster was a dedicated employee who performed his duties in a satisfactory and professional manner.

28. In or about December of 2013, Mr. Buckmaster was transferred to Amtrak's Training Department.

29. In 2015, Mr. Buckmaster was transferred again, to the Safety Training Division.

30. While working in the Safety Training Division, Mr. Buckmaster excelled, and received a regular raise as well as a merit raise.

31. Mr. Buckmaster's most recent position with Amtrak was Senior Technical Trainer at Amtrak's Baltimore, Maryland location.

32. Mr. Buckmaster is a highly qualified Technical Trainer, with approximately five (5) years of experience as a Trainer/Instructor.

33. Despite his dedication, and consistent performance, Mr. Buckmaster was discriminated against on the basis of his disabilities and/or perceived disabilities, retaliated against for seeking accommodations for his disabilities or perceived disabilities, and retaliated against for taking or seeking to take leave pursuant to the FMLA.  Further, Defendant failed and refused to accommodate Mr. Buckmaster's disabilities and failed to engage in a good faith, interactive process with respect to accommodating Mr. Buckmaster's disabilities.

34. At certain specified times during his employment with Amtrak, Mr. Buckmaster suffered from certain disabilities, for which he was compelled use to FMLA leave and/or other sick/disability leave.

35. For example, Mr. Buckmaster suffers from kidney stones. In 2013, Mr. Buckmaster took leave for brief periods intermittently when he was experiencing symptoms of his having kidney stones. Three years later, in 2016, Mr. Buckmaster was forced to use leave again, this time for a week or more, as he was hospitalized due to the kidney stones.  Mr. Buckmaster also sought accommodation during these same years and afterwards for issues regarding his chronic back pain.

36. In February 2017, it became known throughout Amtrak that budgets had been cut, particularly for the Safety Training Division, the department in which Mr. Buckmaster worked, and that employees within the Safety Training Division would need to find another department in which to work.

37. Although Mr. Buckmaster greatly enjoyed working in the Safety Training Division, and excelled at his position, Mr. Buckmaster had no choice but to accept a transfer to his former Training position. He was informed, however, that although he was hired to work in the Philadelphia, Pennsylvania location, he would now have to work in the Baltimore, Maryland location, and commute from his residence in Lincoln University, Pennsylvania.

38. Mr. Buckmaster has also suffered from chronic back pain for several years, which pain is significantly worsened by driving for extended periods of time.

39. When Mr. Buckmaster was transferred to Amtrak's Baltimore, Maryland location, this resulted in a commute for Mr. Buckmaster of approximately one and a half hours in each direction.

40. Although other locations had two or three trainers, Mr. Buckmaster was the only trainer at the Baltimore location. Thus, there was no one to relieve Mr. Buckmaster to provide him with a break, and Mr. Buckmaster was required to pull his own materials after hours, without any support or assistance.

41. In 2017, on at least four (4) separate occasions, Mr. Buckmaster approached Amtrak management to complain about the excessive commute, the effect on his back, and the lack of support or assistance. He requested that he be permitted to drive less, because the extended commute caused him substantial back pain, and requested additional support and/or assistance.

42. Amtrak failed and/or refused to grant Mr. Buckmaster's requested accommodations. Amtrak also failed and/or refused to engage in a good faith interactive process regarding accommodations for Mr. Buckmaster's back pain and repeated requests for accommodations.

43. Mr. Buckmaster also suffers from Post Traumatic Stress Disorder ("PTSD"), caused by his service in the military.

44. Upon information and belief, Amtrak first learned of Mr. Buckmaster's PTSD in October 2017.

45. Due to his severe back pain, and worsening symptoms of PTSD, Mr. Buckmaster was compelled to take leave from October 2, 2017 through November 30, 2017.

46. Upon requesting leave under FMLA for his disabilities, in October 2017, Mr. Buckmaster was informed that he was approved for 12 weeks of FMLA time, as long as he provided appropriate documentation from his treating physician.

47. Mr. Buckmaster then ensured that the requested medical documentation was sent to Amtrak. Amtrak later claimed not to have received Mr. Buckmaster's documentation.

48. Mr. Buckmaster took his FMLA leave, beginning on October 2, 2017.

49. By letter dated November 30, 2017, Mr. Buckmaster was informed that he had been terminated, effective immediately.

50. The reason given for Mr. Buckmaster's termination was his "failure to provide documentation to support your absence that began on October 2, 2017."

51. The reason given for Mr. Buckmaster's termination is extremely suspicious under these circumstances.

52. The reason given for Mr. Buckmaster's termination is extremely suspicious because, among other reasons: (i) Mr. Buckmaster had sought and taken leave pursuant to FMLA for his disabilities; (ii) the extremely close proximity in time between Mr. Buckmaster's request for leave and his termination; (iii) the extremely close proximity in time between Amtrak learning of Mr. Buckmaster's PTSD condition and his termination; and (iv) the fact that Mr. Buckmaster had, in fact, ensured that Amtrak was sent the requested medical information.

53. The reason given for Mr. Buckmaster's termination was mere pretext for discrimination and retaliation for seeking accommodation and for seeking and taking leave under FMLA.

54. Because of the suspicious circumstances surrounding his termination, Mr. Buckmaster maintains that he was discriminated against on the basis of his disabilities and/or perceived disabilities, retaliated against for seeking accommodations for his disabilities or perceived disabilities, and retaliated against for taking or seeking to take leave pursuant to the FMLA, in violation of the ADA, the FEPA, the Rehabilitation Act and the FMLA.

55. Further, Amtrak failed and refused to accommodate Mr. Buckmaster's disabilities and Amtrak failed and/or refused to engage in the requisite, good faith, interactive process with respect to accommodating Mr. Buckmaster's disabilities in violation of the ADA, the Rehabilitation Act and the FEPA.

56. Amtrak interfered with Mr. Buckmaster's FMLA rights by refusing him leave to which he was entitled and terminating him while he was out on leave pursuant to the FMLA.

57. Mr. Buckmaster has suffered and continues to suffer severe emotional distress as a proximate result of the actions and inactions of Defendant.

58. Defendant's agents and employees acted with the intent of causing, or in reckless disregard of the probability, that their actions would cause Mr. Buckmaster severe emotional distress.

59. Mr. Buckmaster has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Defendant.

## COUNT I
## The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

60. Plaintiff Keith Buckmaster repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

61. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

62. Defendant violated the ADA by discriminating against Mr. Buckmaster on the basis of disability and/or because Defendant regarded Mr. Buckmaster as disabled, and by retaliating against him.

63. In further violation of the ADA, Defendant failed and/or refused Mr. Buckmaster's requests for accommodation of his disabilities or perceived disabilities, failed to engage in a good faith, interactive process with respect to Mr. Buckmaster's requests for accommodation, and retaliated against Mr. Buckmaster for having requested accommodations.

64. Said violations were intentional and willful.

65. Said violations warrant the imposition of punitive damages.

66. As the direct and proximate result of Defendant's violations of the Americans with Disabilities Act, Plaintiff Keith Buckmaster has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
**Family and Medical Leave Act, 29 U.S.C. § 2611, <u>et seq</u>.**

67. Plaintiff Keith Buckmaster repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

68. In refusing to grant Mr. Buckmaster FMLA leave to which he was entitled, and in terminating him while on FMLA leave, Amtrak violated the FMLA.

69. In retaliating against Plaintiff for seeking and taking leave pursuant to the FMLA, Defendant violated the FMLA.

70. Amtrak's violations of the FMLA were intentional and willful, as Amtrak knew or should have known of the requirements of the FMLA.

71. Said violations warrant the imposition of liquidated damages.

72. As the direct and proximate result of Defendant's violations of the FMLA, Plaintiff Keith Buckmaster has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

## COUNT III
**Maryland Fair Employment Practices Act, Md. Code Ann.,
State Government §§ 20-601 <u>et seq</u>. and 20-1001 <u>et seq</u>.**

73. Plaintiff Keith Buckmaster repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

74. Based on the foregoing, Defendant Amtrak has engaged in unlawful employment practices in violation of FEPA.

75. In discriminating against Mr. Buckmaster on the basis of his disabilities and/or because Defendant regarded Mr. Buckmaster as disabled, and by retaliating against him for seeking accommodations, Defendant Amtrak violated FEPA.

76. Amtrak failed and refused to engage in a good faith interactive process with respect to accommodating Mr. Buckmaster's disabilities or perceived disabilities, in further violation of the FEPA.

77. As the direct and proximate result of Defendant's violations of the FEPA, Plaintiff Keith Buckmaster has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT IV
## The Rehabilitation Act, as Amended

78. Plaintiff Keith Buckmaster repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

79. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Rehabilitation Act.

80. Defendant violated the Rehabilitation Act by discriminating against Mr. Buckmaster on the basis of disability and/or because Defendant regarded Mr. Buckmaster as disabled, and by retaliating against him.

81. In further violation of the Rehabilitation Act, Defendant failed and/or refused Mr. Buckmaster's requests for accommodation of his disabilities or perceived disabilities, failed to engage in a good faith, interactive process with respect to Mr. Buckmaster's

requests for accommodation, and retaliated against Mr. Buckmaster for having requested accommodations.

82. Said violations were intentional and willful.

83. Said violations warrant the imposition of punitive damages.

84. As the direct and proximate result of Defendant's violations of the Rehabilitation Act, Plaintiff Keith Buckmaster has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## **PRAYER FOR RELIEF**

85. Plaintiff Keith Buckmaster repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Keith Buckmaster respectfully requests that this Court enter judgment in his favor and against Defendant, and Order:

   a. A declaration that the acts and practices complained herein violate the ADA, FMLA, FEPA and Rehabilitation Act;

   b. Appropriate equitable relief;

   c. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and retaliation;

   d. Defendant compensate Plaintiff with the wages and other benefits and emoluments of employment lost due to Defendant's unlawful conduct;

e. Defendant pay Plaintiff punitive damages;

f. Defendant pay Plaintiff liquidated damages;

g. Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

h. Defendant pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

i. Plaintiff be granted any and all other remedies available under the ADA, FMLA, the Rehabilitation Act and FEPA; and

j. Such other and further relief as is deemed just and proper.

/s/_____
Mary T. Keating
Federal Bar No. 04265
728 Deepdene Road
Baltimore, Maryland  21210
(410) 532-8900
(410) 532-8902 fax
marykeating@keating-law.com

## JURY DEMAND

Plaintiff Keith Buckmaster hereby demands trial by jury as to all issues so triable.

/s/_____
Mary T. Keating
Federal Bar No. 04265
728 Deepdene Road
Baltimore, Maryland  21210
(410) 532-8900
(410) 532-8902 fax
marykeating@keating-law.com

Of Counsel, pro hac vice pending

    Jennifer C. Bell, Esquire
    Christopher A. Macey, Jr., Esquire
    Bell & Bell LLP
    1617 John F. Kennedy Boulevard
    Suite 1254
    Philadelphia, PA 19103
    (215) 569-2500

*Attorneys for Plaintiff Keith Buckmaster*